## C. H. MOVAR *v.* ALVIN CRAWLEY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—372.]

**Waiver of Right to Object to Sale.**

Where a judgment of sale is entered by consent, parties thus consenting waive their right to object to the sale thereafter.

**Right of Redemption from Sale.**

Where debts, for the satisfaction of which property is adjudged to be sold, were created before the passage of the Act of April 9, 1878, "for the redemption of real estate sold under order or judgment of a court" the owner is not entitled to the right of redemption, though the property may have been sold for less than two-thirds of its value.

**Right of Possession After Sale.**

Where a party has no right to redeem real estate after sale, it is not error to order a writ of possession to issue in favor of the purchaser before the expiration of twelve months from the day of sale.

APPEAL FROM KENTON CHANCERY COURT.

November 5, 1885.

OPINION BY JUDGE LEWIS:

We will consider the errors complained of by appellant in the order they are assigned.

The record shows that the court having heard testimony adjudged the response, filed June 6, 1881, to the rule requiring appellant to

pay the sale bonds previously executed by him, insufficient. As there is no bill of the evidence heard on the trial of that question before this court we are bound to presume that the judgment was correct. As the statements contained in the amended response, which were all pertinent to the issue, amounted to no more than a mere restatement of what had been set forth in the response already adjudged insufficient, it was not error in the court to adjudge that also insufficient.

But whether the responses were insufficient or not is not material, inasmuch as it appears from the record that after they were over-ruled appellant, who is the judgment debtor and also owner of the real estate sold, consented in open court to a resale of the property, whereby the rule against him was discharged and he was released from the sale bonds. The objection that the property directed to be resold was not sufficiently described, nor the amount for which it was to be resold specified in the judgment of resale, is not well taken, for the law was substantially complied with in both respects.

None of the exceptions to the last sale filed by appellant should have been sustained. The judgment under which the sale was made was rendered by the consent of appellant; and even if it had been proper to decide on exceptions to the sale whether or not it was in appellant's language, in violation of law, his consent precludes any inquiry by him on that subject. Whether the amount for which the property was sold was or was not in excess of what was due could not be inquired about on exceptions to the sale, as it had been fixed in the judgment of the sale and by taxation of the costs. The debts for the satisfaction of which the property was adjudged to be sold were created previous to the passage of the act "for the redemption of real estate sold under order or judgment of a court," approved April 9, 1878, Acts 1878, and according to repeated decisions of this court appellant was not entitled to the right of redemption though the property may have been sold for less than two-thirds of its value. We perceive no error in the court permitting this action to be prosecuted for the benefit of McCoy, to whom the plaintiff in whose name the action stands assigned the judgment, nor does it appear how appellant has been prejudiced by that assignment. The description of the property sold as given in the judgment was so obviously a mistake and the correction made afterwards by the court was so clearly proper and necessary that

it ought to have been made, especially when no one could be prejudiced thereby.

As the right of appellant to redeem did not exist there was no error in ordering a writ of possession to issue in favor of the purchaser before the expiration of twelve months from the day of sale.

The purchaser is by the judgment allowed credit upon the purchase-price for any taxes on the property which had accrued on the day of sale which he may pay. But if none were due, which is to be hereafter determined, the judgment provides that the whole amount of the sale bonds are to be paid by him. ·This provision in the judgment is consistent with the rule heretofore held by this court to be proper in such cases.

The judgments appealed from are *affirmed.*

*Geo. R. McKee, for appellant.*

*W. H. Mackoy, for appellees.*